IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUAN P. MCLENDON, #22364-016          :

    Petitioner                                         :

    v.                                                      :          Civil Action No. AMD-06-1827

LISA HOLLINGSWORTH, WARDEN       :

    Defendant                                         :

...o0o...

MEMORANDUM

Juan P. McClendon, petitioner pro se, brings this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that prison officials at the Federal Correctional Institution in Cumberland, Maryland, have improperly calculated his custody classification, and he is "illegally confined to a medium security institution." Petition at 3.

Preliminarily, the court notes that petitioner has failed to provide the filing fee or move for leave to proceed in forma pauperis. The court, however, will grant petitioner permission to proceed in forma pauperis for the purpose of initial review. The court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. This pleading meets this standard for dismissal.[1]

Inmates have no constitutional right to be housed in any particular prison or jail, regardless of security classification. *See Meachum v. Fano*, 427 U.S. 215 (1976). Further,

---

[1] To the extent that petitioner intends to raise constitutional claims based on the conditions of his confinement, retaliation, or denial of access to the prison library, these claims are appropriately raised in an action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). The court will direct the Clerk to mail to petitioner a civil rights information packet in the event he wants to pursue such claims.

inmates have no liberty interest in placement in a particular prison and prison officials have broad discretion to classify inmates and assign them to appropriate prison housing. *See* 18 U.S.C. § 3621(b); [2] *Cochran v.Morris*, 73 F.3d 1310, 1318 (4th Cir.1996) (citing *Meachum*, 427 U.S. at 224); *United States v. Williams*, 65 F.3d 301, 307 (2nd Cir. 1995).

Accordingly, the petition will be dismissed. A separate Order follows.

Filed: July 26, 2006                    __/s/_____
                                        Andre M. Davis
                                        United States District Judge

---

[2] 18 U.S.C. § 3621(b) provides:  Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering–
    (1) the resources of the facility contemplated;
    (2) the nature and circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court that imposed the sentence--
        (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
        (B) recommending a type of penal or correctional facility as appropriate;  and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.